IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TRACIE SMITH, individually and as legal representative of the estate of DANIEL SMITH, Plaintiff, | § § § § § § § | |
| v. | § § | EP-20-CV-56-PRM |
| FCA U.S., LLC, ROBERT BOSCH, LLC, COMMERCE AUTO GROUP, LP, and RANDALL NOE CHRYSLER DODGE, LLP, Defendants. | § § § § § § § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO TRANSFER VENUE

On this day, the Court considered Defendant Robert Bosch, LLC [hereinafter "Defendant Bosch"] and Defendant FCA U.S., LLC's [hereinafter "Defendant FCA"] "Joint Motion to Transfer Venue" (ECF No. 15) [hereinafter "Motion to Transfer"], filed on March 11, 2020, Plaintiff Tracie Smith's [hereinafter "Plaintiff"] "Opposition to Defendants' Joint Motion to Transfer Venue" (ECF No. 19) [hereinafter "Response"], filed on April 2, 2020, and Defendants Bosch and FCA's "Reply in Support of their Motion to Transfer Venue" (ECF No. 22)

[hereinafter "Reply"], filed on April 8, 2020, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendant Bosch and FCA's Motion to Transfer should be granted, and the cause should be transferred to the Northern District of Texas, Abilene Division, for the reasons stated herein.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a fatal car accident. On October 17, 2018, Decedent Daniel Smith [hereinafter "Decedent"] was traveling eastbound through Nolan County, Texas on Interstate Highway Twenty in a 2015 Dodge Ram 1500 pickup truck. Pl.'s Original Pet., Jury Demand and Req. for Disclosure [hereinafter "Petition"] ¶¶ 6.16, 6.17, Jan. 17, 2020, ECF No. 1-1; Notice of Removal Ex. M, at 25, Mar. 2, 2020, ECF No. 1-13. Decedent lost control of the vehicle, crashed, and rolled over. Pet. ¶ 6.17. The vehicle's side airbags and air curtains failed to deploy. *Id.* at ¶ 6.19.

In the aftermath of the accident, Decedent was transported to the Hendrick Medical Center in Abilene, Texas, where he succumbed to his injuries. *Id.* at ¶ 6.20. Officer Gabriel Llanas, a member of the Texas Highway Patrol stationed in Sweetwater, Texas, compiled a "Major

Crash Investigation" of the incident.  Notice of Removal Ex. M, at 24–41.  The investigation included interviews with witnesses, a detailed examination of the accident scene, and an opinion on the cause of the crash.  *Id.*

Defendant FCA, a Delaware corporation with its principle place of business in Auburn Hills, Michigan, manufactured Decedent's 2015 Dodge Ram 1500 pickup truck.  Pet. ¶ 3.02.  The vehicle includes an Occupant Restraint Control [hereinafter "ORC"] safety system.  *Id.* at ¶ 6.06.  According to Plaintiff, the ORC is a network of software and sensors that controls a vehicle's side airbags, roll-activated air curtains, and seat belt pretensioners.  *Id.* at ¶¶ 6.06, 6.09.  The ORC "utilizes software and data transmitted from sensors on the vehicle in order to determine . . . the circumstances that deployment of the front or side airbags, air-curtains, and/or seat belts is appropriate."  *Id.* at ¶ 6.09.

Defendant Bosch, a Delaware corporation with its principal place of business in Farmington Hills, Michigan, designs and manufactures the ORC for Dodge Ram pickup trucks.  *Id.* at ¶¶ 3.03, 6.07.  Plaintiff alleges that Defendant Bosch manufactured the ORC used in Decedent's vehicle in Juarez, Mexico.  *Id.* at ¶ 4.07.  Plaintiff also claims

3

that Defendant Bosch develops ORCs by shipping component parts through its Foreign Trade Zone [hereinafter "FTZ"] facility in El Paso, Texas to its manufacturing facility in Juarez, and then shipping completed ORCs back to the United States through the same FTZ facility. *Id.* Furthermore, Plaintiff asserts that "the manufacturing operations in Juarez for the ORC module and its software were directed by the Bosch executives who work from the Bosch offices in El Paso." *Id.*

In addition to Defendants Bosch and FCA, Plaintiff joins two in-state defendants in the above-captioned cause. Defendant Commerce Auto Group, LP [hereinafter "Defendant Commerce"] is a Texas limited liability partnership with its principle place of business in Terrell, Kaufman County, Texas, which operates as an authorized Chrysler Dodge Dealer. *Id.* at ¶ 3.04. Defendant Randall Chrysler Dodge, LLP [hereinafter "Defendant Randall"] is a limited partnership with its principle place of business in Terrell, Kaufman County, Texas, which also operates as an authorized Chrysler Dodge dealer. *Id.* at ¶ 3.05.

Plaintiff, the widow and appointed legal representative of Decedent's estate, filed suit against Defendants in the 171st Judicial

4

District Court of El Paso County, Texas on January 17, 2020.  *Id.* at 1.
In her Petition, she alleges causes of action against Defendants for
strict liability and negligence, primarily related to the ORC in
Decedent's vehicle.  *Id.* at ¶¶ 7.01–7.03.  Plaintiff also lays venue in El
Paso County by stating that "a substantial part of the events, acts, or
omissions . . . giving rise to the claim, namely the introduction of the
defective ORC into the stream of commerce[,] occurred in El Paso
County, Texas."  *Id.* at ¶ 5.01.

    During proceedings in state court, Defendants FCA and Bosch
separately filed motions to transfer venue to Nolan County, Texas, the
place of Decedent's accident.  Notice of Removal Exs. B, M.  Defendant
Bosch attached the Affidavit of Matthew Coon to its motion.  *Id.* at
Ex. M.  Therein, Mr. Coon, an Engineering Director at Bosch, attests
that "Bosch does not manufacture, design, or assemble ORCs in El Paso
County, Texas," "[n]o Bosch personnel involved in establishing design or
manufacturing specifications for the ORC or its component parts work
in Texas," and "[n]o Bosch personnel involved in ensuring compliance
with specifications for the ORC work in Texas."  *Id.* at ¶¶ 6–10.

Defendant FCA removed the cause to the Western District of Texas, El Paso Division, on March 2, 2020, alleging that the Court has diversity jurisdiction because Plaintiff improperly joined Defendants Commerce and Randall.  Notice of Removal 4–6.  On April 1, 2020, Plaintiff filed a "Motion to Remand" (ECF No. 18), arguing that Plaintiff did not improperly join these parties.

In the instant Motion to Transfer, Defendants FCA and Bosch reurge their earlier state-court motions to transfer the cause to Nolan County, Texas.  Mot. Transfer 1.  Now in federal court, they request a transfer to the Northern District of Texas, Abilene Division, the federal jurisdiction which embraces Nolan County, Texas.  *Id.*  Defendants FCA and Bosch move for a transfer due to Plaintiff laying improper venue pursuant to 28 U.S.C. § 1406(a), and, in the alternative, for the convenience of the parties and in the interest of justice pursuant to 28 U.S.C. § 1404(a).  *Id.* at 1–2.

## II.   LEGAL STANDARD

### A.    Transfer for Improper Venue

28 U.S.C. § 1406(a) provides that, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district

6

shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[1]  "This question—whether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).  The Court must determine "whether the case falls within one of the three [venue] categories set out in § 1391(b)." *Id.* at 56.  "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.*

"The decision whether to dismiss or transfer the case under § 1406(a) lies within the discretion of the Court." *AllChem Perf. Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 788 (S.D. Tex. 2012) (citing *Dubin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967)).  The weight of judicial authority also suggests that "[o]nce challenged,

---

[1] Defendants Bosch and FCA cite federal and state law in their Motion to Transfer, whereas Plaintiff relies on federal law in her Response. Mot. Transfer 4; Resp. 3.  The Court sees no conflicts between federal and state law in the cause.  Nevertheless, the Court applies federal law in this Order because transfer is a matter of procedure, and federal procedural law governs in a diversity case.  *See Weatherly v. Pershing, L.L.C.*, 945 F.3d 915, 925 (5th Cir. 2019) ("In a diversity case, we apply federal procedural rules and state substantive law.").

the burden of sustaining venue lies with the plaintiff." *Am. Income Life Ins. Co. v. Hartin*, No. 619CV00266ADAJCM, 2019 WL 4061686, at *1 (W.D. Tex. June 19, 2019) (citations omitted); *see also Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 458 (S.D. Tex. 1996); *Smith v. Fortenberry*, 903 F. Supp. 1018, 1020 (E.D. La. 1995) (holding the same).

**B.    Transfer for the Convenience of the Parties and Witnesses, and in the Interest of Justice**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  District courts have "broad discretion in deciding whether to order a transfer" pursuant to § 1404(a).  *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).  When a movant "demonstrates that the transferee venue is clearly more convenient" than the venue originally chosen by the plaintiff, the movant "has shown good cause and the district court should grant the transfer."

8

*In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008).[2]

The threshold question in a § 1404(a) transfer analysis is whether the suit "could have been filed" in the proposed transferee district. *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004).  If the answer to that question is yes, then a court must consider a variety of public and private interest factors to determine whether the movant's choice of forum is "clearly more convenient."  *Volkswagen II*, 545 F.3d at 315.

The private interest factors that courts may consider include:

(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

---

[2] The Fifth Circuit has held that the "'good cause' burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled."  *Volkswagen II*, 545 F.3d at 315 (quoting *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)).  Thus, while the Court notes that "the plaintiff is generally entitled to choose the forum," the Court addresses Plaintiff's choice of forum solely by applying the good cause legal standard.  *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

*Volkswagen II,* 545 F.3d at 315 (internal quotations omitted) (quoting

*Volkswagen I*, 371 F.3d at 203).  The public interest factors that courts

may consider include:

> (1) the administrative difficulties flowing from court
> congestion; (2) the local interest in having localized interests
> decided at home; (3) the familiarity of the forum with the
> law that will govern the case; and (4) the avoidance of
> unnecessary problems of conflict of laws [or in] the
> application of foreign law.

*Id.*

## III.   ANALYSIS

Defendants FCA and Bosch move for a transfer to the Northern

District of Texas, Abilene Division, on two independent grounds:

(1) Plaintiff laying improper venue, and (2) the convenience of the

parties and witnesses, and in the interest of justice.  The Court is of the

opinion that Plaintiff has laid proper venue in the Western District of

Texas, El Paso Division.  However, the Court will transfer the cause to

the Northern District of Texas, Abilene Division, for the convenience of

the parties and witnesses, and in the interest of justice.

### A.   Order of Motions

As an initial matter, the Court determines that it is appropriate to

consider Defendant Bosch and FCA's instant Motion to Transfer before

10

Plaintiff's Motion to Remand. "Although courts generally determine subject matter jurisdiction first, 'federal courts need not decide a motion to remand a removed case before ruling on a motion to transfer to another district.'" *McPeters v. LexisNexis, a Div. of Reed Elsevier, Inc.*, No. SA-11-CA-154-FB, 2011 WL 13253948, at *2 (W.D. Tex. May 27, 2011) (citing *Huntsman Corp. v. Int'l Risk Ins. Co.*, No. 1:08-CV-029, 2008 WL 1836384, at *3 (E.D. Tex. Apr. 22, 2008)). Here, the Court is of the opinion that ordering a transfer will not prejudice Plaintiff's Motion to Remand. In addition, a court sitting in the appropriate forum for this case should have the benefit of deciding Plaintiff's Motion to Remand. Accordingly, the Court will rule on Defendant's Motion to Transfer before Plaintiff's Motion to Remand.

## B.   Improper Venue

Defendant moves for the Court to transfer the cause pursuant to § 1406(a), arguing that Plaintiff's choice of venue in the Western District of Texas, El Paso Division, is improper. However, the Court is of the opinion that a transfer on these grounds should be denied, because proper venue lies in the Western District of Texas, El Paso pursuant 28 U.S.C. § 1391(b)(1).

11

Section 1391(b)(1) provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  An entity that can sue and be sued, such as a corporation, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  § 1391(c)(2). To determine the residency of a corporation in a state with multiple districts, such as Texas, the corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts."  § 1391(d).

Here, the Court is of the opinion that venue in the Western District of Texas, El Paso Division is appropriate pursuant to § 1391(b)(1).  Plaintiff sues four separate corporate entities, each of which is subject to a court's personal jurisdiction in Texas.  Thus, for the purposes of the venue statute, § 1391(c)(2), Defendants are residents of Texas.  In addition, the Court notes that in the above-

12

captioned cause, it could likely exercise personal jurisdiction over Defendant Bosch in the Western District of Texas, El Paso Division, because Defendant Bosch conducted ORC import and export activities through El Paso's FTZ.  *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 887 (2011) (requiring a defendant to "invoke or benefit from the protection of [the forum's] laws" to establish personal jurisdiction). Therefore, for the purposes of the venue statute, § 1391(c)(2), Defendant Bosch is a resident of the Western District of Texas.  Accordingly, because Defendant Bosch is a resident of the Western District of Texas, El Paso Division, and all of the Defendants are residents of Texas, venue is proper in the Western District of Texas, El Paso Division pursuant to § 1391(b)(1).

The Court does not reach Defendants' argument that the cause should be transferred for Plaintiff laying improper venue pursuant to § 1391(b)(2).  The Court is mindful that in her Petition, Plaintiff lays venue pursuant to § 1391(b)(2), where "a substantial part of the events or omissions giving rise to the claim occurred."  However, the Supreme Court has held that when considering a § 1406(a) motion to transfer, a court should assess whether a case "falls within one of the three

13

categories set out in § 1391(b)." *Atl. Marine Const. Co.*, 571 U.S. at 56. This case falls within the § 1391(b)(1) category, based on the residency of Defendants. Accordingly, the Court does not address Defendant Bosch and FCA's argument that Plaintiff lays improper venue pursuant to § 1391(b)(2).

### C.   The Convenience of the Parties and Witnesses, and the Interest of Justice

Because Defendants FCA and Bosch's Motion to Transfer fails on the grounds of improper venue, the Court assesses whether the case should be transferred for the convenience of the parties and witnesses, and in the interest of justice, pursuant to § 1404(a). The Court is of the opinion that the cause should be transferred because it would be clearly more convenient for the parties to litigate in Defendant Bosch and FCA's proposed transferee forum, the Northern District of Texas, Abilene Division.

#### 1.   *Whether the Suit Could Have Been Brought in the Proposed Transferee Forum*

In order to transfer a cause pursuant to § 1404(a), the Court must first determine whether the suit "could have been filed" in the Northern District of Texas, Abilene Division. *Volkswagen I*, 371 F.3d at 203.

14

Because whether a court can exercise personal jurisdiction over Defendants in Texas is not in issue, the Court examines only venue here.  *See In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.42 (5th Cir. 2014) (requiring the Court to assess whether the proposed forum can "properly exercise[] personal jurisdiction and venue over the defendant").

The Court is of the opinion that there is proper venue in the proposed transferee forum, the Northern District of Texas, Abilene Division, pursuant to 28 U.S.C. § 1391(b)(2).  Section 1391(b)(2) provides that venue is proper in a judicial district where a "substantial part of the events or omissions giving rise to the claim occurred."  Like in similar cases, Decedent's accident, which occurred in the proposed transferee forum, qualifies as a substantial part of the events giving rise to Plaintiff's claim.  *See Ortiz v. Robert Holman Trucking, Inc.*, No. B-06-020, 2006 WL 1098904, at *2 (S.D. Tex. Apr. 11, 2006) ("Courts have held that the place where an accident occurred is a proper venue.").  Accordingly, venue is proper in the Northern District of Texas, Abilene Division.

2.     *Whether Defendants' Choice of Forum is Clearly More Convenient*

After assessing whether the cause could have been filed in the proposed transferee forum, the Court next considers whether the proposed transferee forum is "clearly more convenient" than the transferor forum. *Volkswagen II*, 545 F.3d at 315. Weighing all of the relevant private and public interest factors, the Court is of the opinion that the Northern District of Texas, Abilene Division is clearly more convenient than the Western District of Texas, El Paso Division. Accordingly, the Court will transfer the cause pursuant to § 1404(a).

The first private interest factor, access to sources of proof, weighs strongly in favor of transfer. Decedent obtained medical treatment for his injuries in Abilene, Texas, and his vehicle accident occurred in Nolan County, Texas. Both of these locations are within the Northern District of Texas, Abilene Division. Thus, it would be clearly more convenient to access documents, records, and other evidence related to these key events in the Northern District of Texas, Abilene Division, rather than the Western District of Texas, El Paso Division. *See Optimum Power Solutions LLC v. Apple, Inc.*, 794 F. Supp. 2d 696, 701 (E.D. Tex. 2011) ("Courts analyze this factor in light of the distance that

16

documents, or other evidence, must be transported from their existing location to the trial venue.").

The second private interest factor, the availability of compulsory process, also weighs in favor of transfer. Courts emphasize that the availability of compulsory process applies "only [to] non-party witnesses." *Vargas v. Seamar Divers Intern., LLC*, No. 2:10-CV-178-TJW, 2011 WL 1980001, at *5 (E.D. Tex. May 20, 2011). Here, likely non-party witnesses include Officer Gabriel Llanas, who works in Sweetwater, Texas, and medical personnel, who work in Abilene, Texas. These witnesses work within the Northern District of Texas, Abilene Division, and do not appear to reside, work, or do business within 100 miles of the Western District of Texas, El Paso Division. Accordingly, the availability of compulsory process favors transfer, because it would be easier to secure compulsory process against these witnesses in and around the Northern District of Texas, Abilene Division. *See* Fed. R. Civ. P. 45(c)(1)(A) (holding that a subpoena may command a person to attend a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person").

The third private interest favor, the cost of attendance for willing party witnesses, is neutral as to transfer.  Plaintiff asserts that "a significant number of witnesses in this case will be connected to Defendant Bosch's El Paso operations."  Resp. 5–6.  However, Defendant Bosch's Engineering Director attests that Bosch employees involved in the design, manufacture, and testing of ORCs do not work in Texas.  Thus, because the ORC is Defendant Bosch's only connection to this case, the Court is of the opinion that there are no relevant witnesses in this case who work for Defendant Bosch in El Paso.  The Court also notes that the parties do not mention any other willing party witnesses in their filings, and the cost of traveling to El Paso versus the cost of traveling to Abilene from outside Texas is roughly the same.  Therefore, the Court concludes that this factor is neutral.

Moving to the next stage of the analysis, the Court is of the opinion that public interest factors also favor a transfer to the Northern District of Texas, Abilene Division.  The Court notes that there are significantly more case filings per judge in the Western District of Texas

than in the North District of Texas.[3]  Accordingly, administrative

difficulties and court congestion in the Western District of Texas favor

transfer to the of the Northern District of Texas, Abilene Division.  As

for localized interests, the Court is of the opinion that the Northern

District of Texas, Abilene Division, has an interest in adjudicating the

cause because the accident which gave rise to the action occurred within

the Division.  Finally, the Court concludes that a transfer would not

raise issues related to familiarity with law or conflicts of law, because

only Texas law applies in this case and the proposed transferee forum is

familiar with Texas law.

## IV.   CONCLUSION

Although venue in the above-captioned cause is appropriate in the

Western District of Texas, El Paso Division, the Court concludes that

the cause should be transferred pursuant to § 1404(a).  Based on all of

the relevant private and public interest factors analyzed by the Court, it

---

[3] *See Federal Court Management Statistics*, Administrative Office of the U.S. Courts, https://www.uscourts.gov/statistics-reports/analysis-reports/federal-court-management-statistics (last accessed July 27, 2020) (indicating 628 filings per judge in the Northern District of Texas and 1,238 filings per judge in the Western District of Texas for the 12-month period ending December 31, 2019).

is clearly more convenient for the case to proceed in the Northern

District of Texas, Abilene Division.

Accordingly, **IT IS ORDERED** that Defendant Robert Bosch,

LLC and Defendant FCA U.S., LLC's "Joint Motion to Transfer Venue"

(ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned cause is

**TRANSFERRED** to the **UNITED STATES DISTRICT COURT FOR**

**THE NORTHERN DISTRICT OF TEXAS, ABILENE DIVISION**.[4]

**SIGNED** this **29th day** of **July, 2020**.

_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**

---

[4] Plaintiff Tracie Smith's "Motion to Remand" (ECF No. 18) will remain pending and be subject to a determination in the transferee forum.